Sandra IRWIN, Plaintiff,

v.

**UBS PAINEWEBBER, INC.;
Painewebber Inc.,
Defendants.**

**No. CV 03–05876DDP(MANX).**

United States District Court,
C.D. California.

June 7, 2004.

---

Adam J. Reisner, Marcus A. Mancini, Mancini & Associates, Encino, CA, for Plaintiff.

Harold M. Brody, Jessica Abby Mayer, Stephanie T. Sasaki, Proskauer Rose, Los Angeles, CA, for Defendants.

### ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION OF PLAINTIFF'S WAGE–HOUR CLAIM

PREGERSON, District Judge.

The instant action is before the Court on the motion to compel arbitration brought by the defendant UBS Financial Services, Inc. ("UBS" or "defendant"). Pursuant to Local Rule 7–15, the Court finds this matter appropriate for disposition without oral argument. After reviewing and considering the positions of the parties, the Court grants the defendant's motion and adopts the following order.

## I. Background

The defendant hired the plaintiff Sandra Irwin ("Irwin" or "plaintiff") in June of 1999 as a Financial Advisor Trainee.

(Mot. at 3; Opp. at 1.) In July of 1999, the plaintiff completed a Form U–4.[1] The plaintiff signed the form, which states:

> I agree to arbitrate any dispute, claim or controversy that may arise between me and my firm, or a customer, or any other person, that is required to be arbitrated under the rules, constitutions, or by-laws of the organizations indicted in Item 10 as may be amended from time to time and that any arbitration award rendered against me may be entered as a judgement [sic] in any court of competent jurisdiction.

(Mot. at 3–4; Ex. A (U–4 at 4, ¶ 5).) In Item 10, the plaintiff indicated that she was registering with the NASD. (*Id.*)

The NASD Code of Arbitration Procedure provides that some matters *may* be submitted to arbitration, and other matters *must* be submitted to arbitration. Rule 10201 sets forth the matters that are required to be submitted for arbitration:

> (a) [A] dispute, claim, or controversy eligible for submission under the Rule 10100 Series between or among members and/or associated persons . . ., arising in connection with the business of such member(s) or in connection with the activities of such associated person(s), or arising out of the employment or termination of employment of such associated person(s) with such member, shall be arbitrated under this Code, at the instance of: . . . (2) a member against a person associated with a member or a person associated with a member against a member.

> (b) A claim alleging employment discrimination, including a sexual harassment claim, in violation of a statute is not required to be arbitrated.

---

1. "The U–4 application is used to register securities dealers with different exchanges and associations, such as the NASD and the New York Stock Exchange." *Wojcik v. Aetna Life Ins. & Annuity Co.,* 901 F.Supp. 1282, 1285 n. 3 (N.D.Ill.1995).

(*See* Request for Judicial Notice ("RJN"), Ex. A at 7.)

In May of 2000, the plaintiff moved from her sales position to Operations. (*See* Kaden Decl., ¶ 2.) She resigned effective July 26, 2002. (*Id.*)

The plaintiff originally filed her complaint in state court, alleging (1) gender discrimination, harassment, and retaliation in violation of the Fair Employment and Housing Act ("FEHA"); (2) sexual harassment, discrimination and retaliation in violation of ("FEHA"); (3) overtime compensation in violation of the Labor Code §§ 200, et seq.; and (4) wrongful constructive termination in violation of public policy. (Opp. at 2; Mot., Ex. A.) On August 18, 2003, the defendant removed the case to federal court. In December 2003, the defendant asked the plaintiff to agree to arbitrate her overtime compensation claim pursuant to the Form U–4. (Mot. at 5; Brody Decl., Ex. B.) The plaintiff definitively refused to arbitrate her compensation claim in March 2004. (Mot. at 5; Brody Decl., Exs. D, E, & F.) The defendant filed the instant motion on March 26, 2004.

## II. Discussion

### A. *Enforceability of Arbitration Agreement*

#### 1. *Legal Standard*

■ The defendant contends that pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1, et seq. ("FAA") the plaintiff must arbitrate her wage-hour claims before the NASD. (Mot. at 6.) Section 2 of the FAA provides:

A written provision in … a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, … shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2. Section 2 thus "embodies a clear federal policy of requiring arbitration unless the agreement to arbitrate is not part of a contract evidencing interstate commerce or is revocable 'upon such grounds as exist at law or in equity for the revocation of any contract.' " *Perry v. Thomas*, 482 U.S. 483, 489, 107 S.Ct. 2520, 96 L.Ed.2d 426 (1987) (quoting 9 U.S.C. § 2). Thus, an arbitration contract must be enforced according to its terms but is nevertheless subject to state law defenses applicable to all contract disputes under general contract law principles, such as fraud, duress, or unconscionability. *Doctor's Associates, Inc. v. Casarotto*, 517 U.S. 681, 687, 116 S.Ct. 1652, 134 L.Ed.2d 902 (1996); *McManus v. CIBC World Markets Corp.*, 109 Cal.App.4th 76, 134 Cal.Rptr.2d 446 (2003).

■ "[I]n applying general state-law principles of contract interpretation to the interpretation of an arbitration agreement within the scope of the Act …, due regard must be given to the federal policy favoring arbitration, and ambiguities as to the scope of the arbitration clause itself resolved in favor of arbitration." *Volt Info. Sciences v. Leland Stanford Jr. Univ.*, 489 U.S. 468, 475–76, 109 S.Ct. 1248, 103 L.Ed.2d 488 (1989).

■ In the instant case, the plaintiff alleges that the arbitration agreement is unenforceable because it is unconscionable. (Opp. at 6.) In order to find that an agreement is unconscionable, there must be both procedural and substantive unconscionability. *Ferguson v. Countrywide Credit Indus., Inc.*, 298 F.3d 778, 783 (9th Cir.2002). The greater the showing with respect to one of these two elements, the less showing is required with respect to the other in order to support a finding that a given term is unconscionable. *Armen-*

*dariz v. Foundation Health Psychcare Servs., Inc.,* 24 Cal.4th 83, 114, 99 Cal. Rptr.2d 745, 6 P.3d 669 (2000).

### 2. *Application*

The plaintiff asserts that the arbitration agreement is both procedurally and substantively unconscionable. The California Appellate Court, in *McManus,* 109 Cal. App.4th at 91–102, 134 Cal.Rptr.2d 446, analyzed the arbitration provision of the Form U–4 and the NASD Arbitration Procedures. That court found that the arbitration agreement was a contract of adhesion and was procedurally unconscionable, and the fee provision in the agreement was substantively unconscionable. *Id.* However, that court found that the fee provision was easily severed and thus upheld the arbitration agreement. This Court agrees with the California appellate court's analysis, and finds that the arbitration agreement is substantively unconscionable, and that the fee provision is procedurally unconscionable, but may be severed.

### a. *Procedural Unconscionability*

■ Procedural unconscionability focuses on the elements of surprise and oppression at the time of negotiation. *Ferguson,* 298 F.3d at 783. " 'Oppression' arises from an inequality of bargaining power which results in no real negotiation and an absence of meaningful choice." *Stirlen v. Supercuts, Inc.,* 51 Cal.App.4th 1519, 1532, 60 Cal.Rptr.2d 138 (1997) (quotation marks, citation, & footnote omitted). A contract of adhesion is procedurally unconscionable. A contract of adhesion is a standardized contract that is "imposed and drafted by the party of superior bargaining strength, relegat[ing] to the subscribing party only the opportunity to adhere to the contract or reject it." *Armendariz,* 24 Cal.4th at 113, 99 Cal.Rptr.2d 745, 6 P.3d 669 (quotations & citation omitted).

In *Circuit City Stores, Inc. v. Adams,* the court held that an employment arbitra-

tion agreement was a contract of adhesion and was procedurally unconscionable because:

> Circuit City, which possesses considerably more bargaining power than nearly all of its employees or applicants, drafted the contract and uses it as its standard arbitration agreement for all of its new employees. The agreement is a prerequisite to employment, and job applicants are not permitted to modify the agreement's terms—they must take the contract or leave it.

279 F.3d 889, 893 (9th Cir.), *cert. denied,* 535 U.S. 1112, 122 S.Ct. 2329, 153 L.Ed.2d 160 (2002).

■ The plaintiff in the instant case argues that the arbitration agreement was a requirement of employment. (Opp. at 7.) The defendant does not argue otherwise. Thus, the Court finds for the purposes of this motion that the agreement is procedurally unconscionable. *Ferguson,* 298 F.3d at 784 ("[W]here the terms of the employment contract were cast in a 'take it or leave' light and presented as standard non-negotiable provisions, the procedural element of unconscionability is satisfied.").

### b. *Substantive Unconscionability*

■ "Substantive unconscionability 'focuses on the terms of the agreement and whether those terms are so one-sided as to *shock the conscience.*' " *Ferguson,* 298 F.3d at 784 (quoting *Kinney v. United Healthcare Services, Inc.,* 70 Cal.App.4th 1322, 1330, 83 Cal.Rptr.2d 348 (1999)).

### i. *Arbitration Fees*

■ The plaintiff argues that the arbitration agreement is substantively unconscionable because it requires the plaintiff to pay arbitration and forum fees. In *Armendariz,* the California Supreme Court held:

[W]hen an employer imposes mandatory arbitration as a condition of employment, the arbitration agreement or arbitration process cannot generally require the employee to bear any *type* of expense that the employee would not be required to bear if he or she were free to bring the action in court.

*Armendariz,* 24 Cal.4th at 110–11, 99 Cal. Rptr.2d 745, 6 P.3d 669.

NASD Code of Arbitration Procedures ("NASD Procedures") Rule 10205 provides for claim filing fees ranging from $200 to $5,000 depending on the amount in controversy; deposits for cases to be decided on the record range from $25 to $300. (*See* RJN, Ex. A at 8, 28 (NASD Rules 10205 & 10332).) This is beyond any expense that the plaintiff would incur to bring the suit in federal court. *See McManus,* 109 Cal. App.4th at 93, 134 Cal.Rptr.2d 446. Because the fee provisions under the NASD Procedures require the employee to bear a "type of expense" that she would not be required to bear if bringing the claim in federal court, the Court finds that this provision of the arbitration agreement is substantively unconscionable, and unenforceable.

### ii. *Minimal Discovery*

■■■ The plaintiff alleges that the NASD Procedures do not provide for sufficient discovery. (Opp. at 9.) The Court disagrees with the plaintiff. The NASD Procedures provide for the document production and information exchanges. (*See* RJN, Ex. A at 24–25 (NASD Rule 10321).) Rule 10322 further provides that arbitrators and any counsel of record to the proceeding shall have subpoena power, and that the arbitrators may compel the appearance of persons and the production of records. (*Id.* at 25 (NASD Rule 10322).) The Court finds that these discovery procedures are adequate. *See McManus,* 109 Cal.App.4th at 99, 134 Cal.Rptr.2d 446.

The arbitration agreement is not unconscionable on this ground.

### iii. *Lack of Mutuality*

■■■ The plaintiff argues that the arbitration agreement only requires the member/employee to arbitrate disputes. (Opp. at 9.) Where the effect of an arbitration agreement is to bind only the employee, the agreement is substantively unconscionable. The court in *Armendariz* held:

[A] unilateral arbitration agreement imposed by the employer without reasonable justification reflects the very mistrust of arbitration that has been repudiated by the United States Supreme Court in *Doctors' Associates, Inc. v. Casarotto, supra,* 517 U.S. 681, 116 S.Ct. 1652, 134 L.Ed.2d 902 [1996], and other cases. We emphasize that if an employer does have reasonable justification for the arrangement-i.e., a justification grounded in something other than the employer's desire to maximize its advantage based on the perceived superiority of the judicial forum-such an agreement would not be unconscionable. Without such justification, we must assume that it is.

24 Cal.4th at 120, 99 Cal.Rptr.2d 745, 6 P.3d 669.

■■■ The plaintiff's assertion is unfounded. The language of the NASD Procedures mutually binds the parties to arbitration. (*See* RJN, Ex. A at 7 (NASD Procedures, Rule 10201 ("a dispute, claim, or controversy . . . between or among members . . . arising in connection with the business of such member(s) . . . shall be arbitrated under this Code")).)

### c. *Severance*

■■■■ An agreement to arbitrate may be enforceable if the unconscionable provisions can be severed from the agreement. "Courts are to look to the various purposes

of the contract. If the central purpose of the contract is tainted with illegality, then the contract as a whole cannot be enforced. If the illegality is collateral to the main purpose of the contract, and the illegal provision can be extirpated from the contract by means of severance or restriction, then such severance and restriction are appropriate." *Armendariz,* 24 Cal.4th at 124, 99 Cal.Rptr.2d 745, 6 P.3d 669.

 The Court finds that the arbitration agreement is procedurally unconscionable because it is a contract of adhesion, and that the fee provisions are substantively unconscionable. The Court finds that the other provisions challenged by the plaintiff are not unconscionable. Thus, the arbitration agreement can be upheld if the unconscionable portion can be severed. The Court finds that agreement as a whole is not "tainted with illegality." The fee provision is easily severable from the remainder of the agreement. Thus, the Court upholds the arbitration agreement as valid with the exception of the fee provisions, which must be severed.

### B. *Waiver of Arbitration Rights*

Alternatively, the plaintiff suggests that the defendant waived its right to arbitrate the claim. (Opp. at 3.) The plaintiff asserts that the defendant's service of certain discovery documents is inconsistent with the intent to arbitrate. (*Id.*)

 A party seeking to prove waiver of a right to arbitration must demonstrate: " '(1) knowledge of an existing right to compel arbitration; (2) acts inconsistent with that existing right; and (3) prejudice to the party opposing arbitration resulting from such inconsistent acts.' " *Van Ness Townhouses v. Mar Indus. Corp.,* 862 F.2d 754, 758 (9th Cir.1988) (quoting *Fisher v. A.G. Becker Paribas, Inc.,* 791 F.2d 691, 694 (9th Cir.1986)). However, waiver of the right to arbitrate is disfavored because it is a contractual

right; thus the party arguing waiver bears a heavy burden of proof. *Id.*

 One of the ways in which a party may act inconsistent with the right to arbitrate is by taking advantage of judicial discovery procedures not available in arbitration. *Saint Agnes Med. Ctr. v. PacifiCare of Cal.,* 31 Cal.4th 1187, 1196, 8 Cal.Rptr.3d 517, 82 P.3d 727 (2003). However, the mere filing of a lawsuit does not result in a waiver. *Id.* at 1201, 8 Cal. Rptr.3d 517, 82 P.3d 727. To constitute a waiver, the arbitrable issues must have been litigated on the merits. *Keating v. Superior Court,* 31 Cal.3d 584, 604–05, 183 Cal.Rptr. 360, 645 P.2d 1192 (1982). The noticing of a deposition does not rise to judicial litigation on the merits and it is not grounds for waiver. *Hall v. Nomura Sec. Int'l,* 219 Cal.App.3d 43, 51, 268 Cal. Rptr. 45 (1990). Furthermore, discovery on nonarbitrable claims does not establish waiver. *Fisher v. A.G. Becker Paribas, Inc.,* 791 F.2d 691, 697 (9th Cir.1986).

The plaintiff asserts that the defendant engaged in discovery inconsistent with the intent to arbitrate. The defendant (1) noticed the plaintiff's deposition; (2) served the plaintiff with a request for documents; and (3) served the plaintiff with a set of interrogatories. (*See* Opp., Exs. A–C.) The plaintiff argues that because under the NASD Procedures, depositions are strongly discouraged, and requests for documents and information must be narrow, the defendant has "taken advantage of judicial discovery procedures not available in arbitration." (Opp. at 4–5.)

 The Court considers whether the defendant has waived its right to arbitrate. The first requirement is that the defendant must have knowledge of its right to compel arbitration. *See Van Ness Townhouses,* 862 F.2d at 758. The defendant in this case concedes that it had such knowledge. (Reply at 3; Brody Decl., ¶ 2.) Sec-

ond, the defendant must have acted inconsistent with that right. *See Van Ness Townhouses,* 862 F.2d at 758. As stated above, the noticing of a deposition is not grounds for waiver, thus the defendant's noticing of the plaintiff's deposition does not waive the defendant's right to seek arbitration. *See Hall,* 219 Cal.App.3d at 51, 268 Cal.Rptr. 45. Broad requests for information and documents may be inconsistent with arbitration, but such requests will only cause a waiver if they prejudice the plaintiff. *See Becker,* 791 F.2d at 697–98. Thus, the Court considers the third requirement: that the plaintiff has been prejudiced by the defendant's inconsistent act. *See Van Ness Townhouses,* 862 F.2d at 758. Here, the defendant. asserts that the discovery requests only sought information regarding the nonarbitrable claims. (Reply at 3.) Because discovery regarding nonarbitrable claims does not constitute sufficient prejudice to establish waiver, *see Becker,* 791 F.2d at 697–98, the Court looks to the substance of the request for documents and the interrogatories. In the document entitled "Defendant's First Demand for Production of Documents," the defendant seek broad production of papers relating to the plaintiff's employment. (Opp., Ex. B.) Specifically, the defendant requests all documents relevant to the first cause of action for gender discrimination, harassment, and retaliation (*id.* at 9–12); all documents relevant to the second cause of action for sexual harassment, discrimination, and retaliation (*id.* at 12–14); and all documents relevant to the fourth cause of action for wrongful constructive termination (*id.* at 14–15). The defendant does not request any documents regarding the plaintiff's third cause of action for wages and overtime compensation. (*Id.*) The defendant also does not request time sheets, or other evidence that would support the plaintiff's wage claim. Thus, the Court finds that the defendant did not waive its

right to arbitrate through the request for documents.

The defendant also served a set of interrogatories on the plaintiff. (*See* Opp., Ex. C.) This document requested information that is narrower than the request for documents. The interrogatories seek information underlying the plaintiff's gender discrimination and sexual harassment claims. The interrogatories do not seek information regarding the plaintiff's wage claim. Thus, the Court finds that the defendant did not waive its right to arbitrate through the service of the interrogatories on the plaintiff, because the interrogatories only addressed the nonarbitrable claims.

The Court finds that the plaintiff has failed to meet her burden to demonstrate that the defendant acted inconsistent with its right to arbitrate, and that such inconsistent acts prejudiced the plaintiff. Thus, the Court concludes that the defendant did not waive its right to arbitrate the plaintiff's wage claim.

### C. *Multiple Proceedings*

Finally, the plaintiff asserts that the defendant's motion to compel arbitration must be denied because it would lead to multiple proceedings—an arbitration proceeding on the wage claim, and a judicial proceeding on the remaining claims. The Court finds that this is not an appropriate reason to deny the requested relief. The Ninth Circuit has held that the FAA requires district courts to compel arbitration even where the result would be the possibly inefficient maintenance of separate proceedings in different forums. *Becker,* 791 F.2d at 698.

### III. Conclusion

In light of the foregoing considerations, the Court grants the defendant's motion to

compel arbitration, but severs the fees provision from the arbitration agreement.

IT IS SO ORDERED.