**Robert MARTIN, individually and on behalf of a class of others similarly situated, Plaintiff–Appellee,**

v.

**TELETECH HOLDINGS, INC., a Delaware Corporation; Teletech Services Corporation, a Colorado Corporation; Teletech Customer Care Management (California) Inc., a California Corporation; Teletech Facilities Management (Postal Customer Support) Inc., a Delaware Corporation, Defendants–Appellants.**

No. 05–55342.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 25, 2006.

Filed Dec. 19, 2006.

Guy Patrick Glazier, Knott & Glazier, Los Angeles, CA, George A. Hanson, Esq., Bauman, Kansas City, MO, for Plaintiff–Appellee.

John S. Battenfeld, Esq., Morgan Lewis & Bockius, LLP, Los Angeles, CA, Rebecca Eisen, Esq., Morgan Lewis & Bockius, LLP, San Francisco, CA, Richard G. Rosenblatt, Esq., Morgan Lewis & Bockius, Princeton, NJ, for Defendants–Appellants.

Before: SILER *, TASHIMA, and BEA, Circuit Judges.

* The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Cir-

## MEMORANDUM **

■ TeleTech Holdings, Inc., TeleTech Services Corp., and TeleTech Customer Care Management (California), Inc. (collectively, "TeleTech") appeal an order of the district court denying their motion to compel arbitration of a claim filed by Robert Martin, a former employee of Tele-Tech. We have jurisdiction pursuant to 9 U.S.C. § 16(a)(1)(B), and we reverse and remand.[1]

■ The arbitration agreement was procedurally unconscionable because it was imposed as a condition of employment and there was no opportunity to negotiate.[2] See Armendariz v. Found. Health Psychcare Servs., Inc., 24 Cal.4th 83, 99 Cal. Rptr.2d 745, 6 P.3d 669, 690 (2000) (stating that there was "little dispute" that an arbitration agreement was adhesive because "[i]t was imposed on employees as a condition of employment and there was no opportunity to negotiate"). The fee sharing provision renders the agreement substantively unconscionable because it requires the arbitrator's fees to be paid equally by the parties and requires each party to post its portion of the anticipated fee prior to commencement of the arbitration. See, e.g., Ingle v. Circuit City Stores, Inc., 328 F.3d 1165, 1178 (9th Cir.2003) (finding a cost-splitting provision to be unconscionable both because an unsuccessful employee could be held liable for the employer's arbitration costs and because it "would sanction charging even a successful litigant for her share of arbitration costs"); Ferguson v. Countrywide Credit Indus., 298 F.3d 778, 785 (9th Cir.2002) (rejecting the employer's argument that an arbitration provision requiring arbitration costs to be shared equally by the company and the employee was not so one-sided as to shock the conscience, citing Armendariz, which "holds that a fee provision is unenforceable when the employee bears any expense beyond the usual costs associated with bringing an action in court"); Circuit City Stores, Inc. v. Adams, 279 F.3d 889, 894 (9th Cir.2002) (reasoning that an arbitration agreement's requirement that the employee split the arbitrator's fees with the employer "alone would render an arbitration agreement unenforceable").

■ Nonetheless, the fee sharing provision is easily severable from the remainder of the arbitration agreement. See Circuit City Stores, Inc. v. Mantor, 335 F.3d 1101, 1109 (9th Cir.2003) ("Under California law,

---

cuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. We reject TeleTech's contention that the district court should not have addressed the question of arbitrability. The threshold question of whether an arbitration agreement is unconscionable and therefore unenforceable is a question for the court to decide. See Howsam v. Dean Witter Reynolds, Inc., 537 U.S. 79, 84, 123 S.Ct. 588, 154 L.Ed.2d 491 (2002) (stating that "a gateway dispute about whether the parties are bound by a given arbitration clause raises a question of arbitrability for a court to decide") (internal quotations omitted); First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 944, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995) (stating that "[w]hen deciding whether the parties agreed to arbitrate a certain matter (including arbitrability), courts generally ... should apply ordinary state-law principles that govern the formation of contracts"); Ingle v. Circuit City Stores, Inc., 328 F.3d 1165, 1170 (9th Cir.2003) ("Because unconscionability is a generally applicable defense to contracts, California courts may refuse to enforce an unconscionable arbitration agreement."), cert. denied, 540 U.S. 1160, 124 S.Ct. 1169, 157 L.Ed.2d 1204 (2004).

2. Because the parties are familiar with the factual and procedural background of this case, we do not recite it here except as necessary to aid in understanding this disposition.

a court has discretion whether to sever particular unconscionable terms or invalidate a contract entirely.") (citing Cal. Civ. Code § 1670.5(a)), *cert. denied,* 540 U.S. 1160, 124 S.Ct. 1169, 157 L.Ed.2d 1204 (2004); *Irwin v. UBS Painewebber, Inc.,* 324 F.Supp.2d 1103, 1109–10 (C.D.Cal. 2004) (rejecting the plaintiff's argument regarding lack of mutuality and therefore finding a fee sharing provision easily severable from the remainder of an arbitration agreement where this was the only objectionable provision). To determine whether unconscionable provisions can be severed, the court considers "whether the illegality is 'central' or 'collateral' to the purpose of the contract;" here, the fee sharing provision is not central to the purpose of the agreement. *Mantor,* 335 F.3d at 1109 (quoting *Armendariz,* 99 Cal. Rptr.2d 745, 6 P.3d at 696).

 Although it is true that the agreement requires the employee to arbitrate all of his or claims but does not similarly require TeleTech to arbitrate its claims against the employee, Martin's argument that the agreement is invalid for lack of mutuality was not raised in the district court. TeleTech accordingly has not had the opportunity to present evidence regarding business reasons for the provision. See Cal. Civ.Code § 1670.5(b) ("When it is claimed or appears to the court that the contract or any clause thereof may be unconscionable the parties shall be afforded a reasonable opportunity to present evidence as to its commercial setting, purpose, and effect to aid the court in making the determination.").

We accordingly reverse the order of the district court denying TeleTech's motion to compel arbitration and remand for further proceedings. On remand, TeleTech may renew its motion to compel arbitration and Martin may raise any applicable defenses, including lack of mutuality. If any issue of unconscionability is raised, TeleTech shall be afforded the opportunity to present evidence on the issue in accordance with § 1670.5(b).[3]

**REVERSED and REMANDED.**

---

3. In resolving any factual issues after an evidentiary hearing, the district court should make findings of fact as contemplated by Fed. R.Civ.P. 52(a).

